**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHANE GALITSKI, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | |
| **SAMSUNG TELECOMMUNICATIONS** | § | **NO. 3:12-CV-4782-D** |
| **AMERICA, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

---

## JOINT PROPOSAL FOR CONTENTS OF SCHEDULING AND DISCOVERY ORDER

---

Pursuant to the Court's Order dated December 5, 2012, counsel for the parties met in person on December 12, 2012 at the offices of Stanley Iola, L.L.P., 3100 Monticello Avenue, Suite 750, Dallas, Texas.

1.     **Proposed deadlines for limiting the time to (a) join other parties; (b) amend the pleadings; (c) file motions, including summary judgment and other dispositive motions; (d) complete discovery; and (e) designate expert witnesses and rebuttal expert witnesses and make the expert disclosure required by Rule 26 (a) (2);**

Defendant Samsung Telecommunications America, LLC (hereinafter "STA") currently has a Motion to Compel Arbitration and a Motion to Dismiss pending.

(a)     The parties propose September 5, 2013 as the deadline to join other parties.

(b)     The parties propose September 5, 2013 as the deadline to amend the pleadings.

(c)     The parties propose October 1, 2013 as the deadline for filing the brief in support of class certification.  The parties propose November 1, 2013 as the deadline for filing the brief in opposition to class certification.  The parties propose December 1, 2013 as the deadline for filing the reply brief in support of class certification.  Plaintiffs propose April 28, 2014 as the last

day to file motions, including summary judgment.  STA proposes that the deadlines for merits discovery, dispositive motions, and trial, be determined after the Court has ruled on class certification.

(d)     Plaintiffs oppose bifurcated discovery and expect merits and class discovery to overlap in many significant areas such as the cause and extent of the defect in the Samsung phone.  Plaintiffs propose that Requests for Documents, Interrogatories, and Requests for Admissions be propounded within 30 days of the Court ruling on STA's Motion to Compel Arbitration.  Plaintiffs also propose February 28, 2014 as the discovery cut-off.

As set forth below, STA disagrees and contends that merits and class certification discovery will not overlap, and therefore recommends that discovery be bifurcated.  Specifically, discovery related to class certification should occur first and then discovery related to the merits should occur after the Court has adjudicated the class certification issue.  STA's proposed deadline for class certification discovery:  August 22, 2013.  STA proposes that the deadlines for merits discovery be determined after the Court has ruled on class certification.

(e)     Plaintiffs propose October 4, 2013 as the deadline for their designation of experts and their Rule 26 expert reports and December 6, 2013 as the deadline for rebuttal experts.

STA's proposed deadline for plaintiffs' designation of experts and plaintiffs' Rule 26 expert report(s), if any, on class certification:  April 22, 2013.  STA's proposed deadline for designation of its experts and STA's Rule 26 expert report(s), if any, on class certification:  May 22, 2013.  STA's proposed deadline for plaintiffs' designation of rebuttal expert and plaintiffs' Rule 26 expert report, if any, on class certification:  June 24, 2013.  STA proposes that the remaining trial schedule, including deadlines for merits discovery, dispositive motions, and trial, be determined after the Court has ruled on class certification.

**The parties' views and proposals on the matters listed in Rule 26 (f)(3)(A)-(F);**

(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26 (a), including a statement of when initial disclosures were made or will be made;

      The parties propose that Initial Disclosures be served upon opposing counsel after the Court has ruled upon STA's Motion to Compel Arbitration and Motion to Dismiss. Thus, the parties propose that Initial Disclosures be served upon opposing counsel within 30 days of the Court ruling on STA's Motion to Compel Arbitration.  Initial disclosures for any subsequently added parties shall be 30 days after being served or joined.

(B)     The subjects on which discovery may be needed, when discovery should be completed,  and whether discovery should be conducted in phases or be limited to or focused on particular issues;

      Per item 1(d) above, the parties disagree as to bifurcation of discovery.  Plaintiffs oppose bifurcation of discovery, and intend to seek discovery related to:

- design and specs;
- testing (internal & external);
- complaints /customer support, updates / upgrades offered;
- tech bulletins;
- correspondence to cellular carriers or Google re issues;
- internal troubleshooting;
- email accounts of those involved;
- number of units sold;
- revenues from sales of units;
- representative copies of advertising (online, print, TV, etc.) related to the units;
- written warranties (software and hardware);
- user manuals for the units;
- other lawsuits re the units;
- regulatory investigations re the units (e.g. State AG's);
- number of units replaced;
- number of units fixed;

- all documents related to the cause of the problems in the units.

Most of the topics are relevant not only to the merits of this case but also to class certification issues.

STA contends that many of the topics on which plaintiffs indicate they want discovery are merits-based, not class certification related.  These topics include design and specs, testing (internal and external), internal troubleshooting, email accounts, and revenues.  Depending on the specific discovery requested by plaintiffs, there may be additional topics or requests that go to the merits of the plaintiffs' claims, not class certification issues, and STA therefore reserves the right to object to specific discovery requests propounded by plaintiffs.

STA will seek discovery related to all class certification issues under Rule 23, including numerosity, typicality, commonality, standing, adequacy of representation, predominance, superiority and suitability of the plaintiffs' claims for class adjudication.  In connection with class certification discovery, STA will seek the depositions of the three named plaintiffs, Shane Galitski, Richard Taliaferro and Brian Newbold.  If necessary, STA will also conduct merits discovery after class certification, including the depositions of the named plaintiffs regarding the affirmative defenses that STA will plead and the facts underlying the purchase of the plaintiffs' phones and their efforts to invoke the remedy set forth in the Standard Limited Warranty.

(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

Plaintiffs request that they receive discovery documents in native format.  STA reserves its right to object to the production of discovery documents in native format.  The parties are not aware of any other special issues governing electronically stored information at this time.

(D)     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

STA shall file an Unopposed Motion for Entry of Agreed Protective Order to protect the disclosure of STA's trade secrets or other confidential research, development or proprietary information that may be present in documents produced in discovery.

(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

(F)    As discussed in Sections 1(d) and 2(B) above, STA believes that discovery should be bifurcated and conducted in two phases: (1) class certification discovery, and if necessary (2) merits discovery. Plaintiffs oppose bifurcated discovery.

(G)    Any other orders that the court should issue under Rule 26 (c) or under Rule 16 (b) and (c).

The Parties are negotiating a proposed protective order to protect the disclosure of STA's trade secrets or other confidential research, development or proprietary information that may be present in documents produced in discovery. STA shall file an Unopposed Motion for Entry of Protective Order shortly.

**2.    Trial before magistrate judge.**

STA does not consent to referring this case to a magistrate judge for jury or nonjury trial.

Plaintiffs consent to referring this case to a magistrate judge for jury or nonjury trial.

**3.    Referral of case for alternative dispute resolution or to conduct a court supervised settlement conference.**

The parties have discussed the issue, and respectfully submit that any deadlines related to alternative dispute resolution or court-supervised settlement occur after the Court's decision on class certification.

Date:  January 4, 2013                    Respectfully submitted,

                                              /s/Alan Dabdoub

                                              Jeff Tillotson
Texas State Bar No. 20039200
jtillotson@lynnllp.com
Alan Dabdoub
Texas State Bar No. 24056836
adabdoub@lynnllp.com
John Volney
Texas State Bar No. 24003118
jvolney@lynnllp.com
Gail A. Hayworth
Texas Bar No. 24074382
ghayworth@lynnllp.com
LYNN TILLOTSON PINKER & COX, L.L.P.
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**ATTORNEYS FOR DEFENDANT
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC**


Respectfully submitted,


/s/Martin Woodward
Marc R. Stanley
TX Bar #19046500
marcstanley@mac.com
Martin Woodward
TX Bar #00797693
mwoodward@stanleyiola.com
Scott Kitner
TX Bar #24065563
skitner@stanleyiola.com
STANLEY•IOLA, LLP
310 Monticello Avenue, Suite 750
Dallas, TX 75205
214.443.4300 – Telephone
214.443.0358 - Facsimile

DOYLE LOWTHER LLP
William J. Doyle II
bill@doylelowther.com
James R. Hail
TX Bar #24002207
jim@doylelowther.com
10200 Willow Creek Road, Suite 150
San Diego, CA 92131
(858) 935-9960 - Telephone
(858) 939-1939 – Facsimile

GLYNN LAW GROUP
THOMAS E. GLYNN
tom@glynnlawgroup.com

THE CONSUMER LAW GROUP
Alan M. Mansfield
alan@clgca.com

*PLAINTIFFS' COUNSEL*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on the 4th day of January, 2013:


/s/Alan Dabdoub
Alan Dabdoub