**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHANE GALITSKI, RICHARD** | § | |
| **TALIAFERRO and** | § | |
| **BRIAN NEWBOLD, Individually** | § | |
| **and on behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiffs,** | § | |
| | § | **3:12-CV-4782-D** |
| **v.** | § | |
| | § | |
| **SAMSUNG TELECOMMUNICATIONS** | § | |
| **AMERICA, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**BRIEF IN SUPPORT OF SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF NEWBOLD'S
EXPRESS WARRANTY AND IMPLIED WARRANTY CLAIMS**

Jeffrey M. Tillotson, P.C.
Texas State Bar No. 20039200
jtillotson@lynnllp.com
Alan Dabdoub
Texas State Bar No. 24056836
adabdoub@lynnllp.com
John Volney
Texas State Bar No. 24003118
jvolney@lynnllp.com
LYNN TILLOTSON PINKER & COX, L.L.P.
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANT
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC**

March 14, 2014

TO THE HONORABLE COURT:

Defendant Samsung Telecommunications America, LLC ("STA") files this brief in support of its motion to dismiss Plaintiff Brian Newbold's breach of express warranty and implied warranty claims pursuant to Rule 12(b)(6).

## I.      INTRODUCTION

In its December 5, 2013, Memorandum Opinion and Order, the Court dismissed Plaintiffs' breach of express warranty claim because Plaintiffs "failed to plausibly allege that Sprint and Verizon constituted 'authorized phone service facilities' under the terms of the Samsung warranty." *See* Mem. Op. & Order at 19.  The Court also dismissed Plaintiffs' breach of UCC implied warranty claim because Plaintiffs "do not plausibly allege that, upon being given the opportunity, Samsung failed to repair or replace their defective phones—the only remedies available under the terms of Samsung's warranty." *See* Mem. Op. & Order at 22.

In their Amended Class Action Complaint, Plaintiffs have attempted to replead the express warranty and the UCC implied warranty claims – solely on behalf of Plaintiff Brian Newbold – by alleging that Newbold called Samsung twice about the alleged defect and "Samsung told plaintiff Newbold to contact Sprint and redirected plaintiff to Sprint technical service to resolve his phone's problems."  *See* Am. Complt. at ¶ 84.  Because Plaintiffs' new allegations regarding Newbold's two phone calls to Samsung do not remedy the pleading defects identified in the Court's Memorandum Opinion and Order and in STA's previous motion to dismiss, the Court should again dismiss Newbold's breach of express warranty claim under the UCC and the Song-Beverly Warranty Act.  The Court should again dismiss Newbold's UCC implied warranty claim.

## II.   ALLEGATIONS OF PLAINTIFFS' COMPLAINT

The allegations of the amended complaint, which STA accepts as true solely for purposes of this motion to dismiss, are as follows:

### A.   THE SAMSUNG GALAXY S PRODUCT LINE AND STA'S EXPRESS WARRANTY.

STA produces a line of "smartphones" called "Samsung Galaxy S," which use the Google Android operating system and can run applications.  Am. Complt. at ¶¶ 17-18.  Different models of Samsung's Galaxy S smartphones are made to work with a particular independent wireless service provider; for instance, the Captivate works with AT&T, the Vibrant with T-Mobile, the Epic 4G with Sprint, and the Fascinate works with Verizon.  *Id.* at ¶ 17.  Plaintiffs allege that STA gave an express warranty to customers.  *Id.* at ¶ 90 and Exhibit A.[1]  "[T]he warranty included with plaintiff's and class members' phones expressly represented Samsung's Galaxy S Phones were 'free from defects in material and workmanship under normal use and service' for one year from purchase, covering defects in both hardware and software."  *Id.* at ¶ 115.  Specifically, STA's Standard Limited Warranty provides:

> **What is Covered and For How Long?**  [STA] warrants to the original purchaser ("Purchaser") that [STA's] phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that date:
>
> Phone                              1 Year
>
> . . . .

---

[1]     An abbreviated copy of STA's warranty is attached to and incorporated by reference in the amended complaint. The Court may consider the warranty in ruling on this motion, because the warranty is incorporated by reference in the amended complaint, an abbreviated copy is attached to the complaint, and the warranty is central to Plaintiff Newbold's express warranty claim.  *See Scanlan v. Tex. A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003) (courts may consider documents attached to the motion to dismiss where the documents are referred to in the complaint and are central to plaintiff's claim); *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (same).

**What are [STA's] Obligations?**  During the applicable warranty period, [STA] will repair or replace, at [STA's] sole option, without charge to Purchaser, any defective component part of Product.   To obtain service under this Limited Warranty, Purchaser must return Product to an authorized phone service facility in an adequate container for shipping, accompanied by Purchaser's sales receipt or comparable substitute proof of sale showing the original date of purchase, the serial number of Product and the sellers' name and address.  To obtain assistance on where to deliver the Product, call Samsung Customer Care at 1-888-997-4357.  Upon receipt, [STA] will promptly repair or replace the defective Product.

. . . .

This Limited Warranty allocates risk of Product failure between Purchaser and SAMSUNG, and SAMSUNG's Product pricing reflects this allocation of risk and the limitations of liability contained in this Limited Warranty.   The agents, employees, distributors, and dealers of SAMSUNG are not authorized to make modifications to this Limited Warranty, or make additional warranties binding on SAMSUNG.   Accordingly, additional statements such as dealer advertising or presentation, whether oral or written, do not constitute warranties by SAMSUNG and should not be relied upon.

### B.   THE ALLEGED "DEFECT"

Plaintiffs allege that Samsung Galaxy S smartphones "suffer from a common hardware defect, which causes the phones to randomly freeze, shut down, reboot, miss calls, miss texts, and power-off while in standby mode, rendering the phones inoperable and unfit for their intended use and purpose."  *Id.* at ¶ 2.

### C.   PLAINTIFF NEWBOLD'S INDIVIDUAL ALLEGATIONS

Newbold's allegations are little changed from the prior complaint. Newbold alleges that he purchased a Samsung Galaxy S Epic 4G on or about September 1, 2010 at a Sprint Kiosk in California.  *Id.* at ¶ 80.  "Shortly after purchase," Newbold's phone "experienced the defect."  *Id.* Newbold attempted to resolve the defect by returning his phone to factory settings and installing a software update on his phone, but these changes failed to adequately repair his phone.  *Id.* at ¶ 81.  In February 2011, Newbold "contacted Sprint customer service several times about the

defect." *Id.* at ¶ 83. "His phone carrier never offered a replacement phone and instead attempted on multiple occasions to repair the phone by asking him to repeatedly reset the device." *Id.* Newbold continued to experience the defect and after "contacting his phone carrier several times in unsuccessful attempts to repair or replace the device," Newbold discontinued using his Epic 4G and purchased a new phone. *Id.* at ¶ 85.

In addition to contacting his wireless carrier, Newbold now alleges for the first time that he "called Samsung at least twice regarding the defect with his Samsung Galaxy S Epic 4G phone." *Id.* at ¶ 84. Newbold goes on to allege that Samsung never asked him to send his defective phone to Samsung or offered to repair or replace the defective phone but instead told him to contact Sprint "and redirected plaintiff to Sprint technical service to resolve his phone's problems." *Id.*

Newbold offers no other details of his two alleged phone calls with Samsung. Newbold does not allege that he asked STA (as opposed to his wireless service carrier Sprint) to repair or replace his phone pursuant to the warranty, nor does he allege that he called Samsung Customer Care at 1-888-997-4357 to seek warranty service or to obtain the address of Samsung's "authorized phone service facility," much less that Samsung identified Sprint as its "authorized phone service facility" for the purpose of a warranty return.  Nor does Newbold allege that he ever returned his phone for warranty repair or replacement to either STA or Sprint in compliance with the specific terms of the express warranty.

## II.    ARGUMENT AND AUTHORITIES

### A.    LEGAL STANDARD

In resolving a Rule 12(b)(6) motion, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Nor must the Court "accept as true a legal

conclusion couched as a factual allegation." *Id.* at 678; *see also Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  Second, assuming the veracity of well-pleaded factual allegations, the

Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 552

U.S. at 679.  This determination is context-specific, requiring the Court to draw on its experience

and common sense. *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw [a] reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678.  "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not

'shown'—that the pleader is entitled to relief," and it must be dismissed. *Id.* at 679.

**B.  NEWBOLD'S EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED FOR FAILURE TO PLEAD SATISFACTION OF THE CONTRACTUAL PRECONDITION**

Newbold still fails to plead that he satisfied the contractual precondition to his express

warranty claim identified in the Court's dismissal order – namely that he returned his phone to a

STA-authorized phone service facility for repair or replacement under the warranty. *See* Mem.

Op. & Order at 16-19. This pleading defect is not cured by Newbold's new but decidedly vague

allegation that he called an unidentified Samsung number "regarding the defect" and was told by

Samsung to contact "Sprint technical service." Newbold does not allege, for example, that he

called the specific Samsung Customer Care phone number identified in the warranty to obtain

assistance on where to deliver his mobile device for repair or replacement under the warranty.

*See* Am. Complt. at ¶ 84. Newbold offers no details of his alleged conversation with Samsung,

including when he called, why he called, who he spoke with, or what he asked for. *Id.* Nor does

---

Newbold allege that Samsung told him that Sprint was an "authorized phone service facility" under the warranty, much less that he returned his mobile device to Sprint to obtain service under the warranty. *Id*. At best, Newbold offers little more than a vague allegation that he made two phone calls to Samsung and Samsung told him to talk to his carrier.

Under California law, "[t]o plead a claim for breach of express warranty, the buyer must allege that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010). Because a defendant's liability for breach of express warranty "derives from, and is measured by, the terms of that warranty," *see id.* at 1144, a plaintiff cannot state a claim for breach of express warranty unless he meets the conditions precedent prescribed by the express warranty. *See* Mem. Op. & Order at 18-19 (citing *Taliaferro v. Samsung Telecomms. Am, LLC*, 2012 WL 169704, *3 (N.D. Tex. Jan. 19, 2012) (Fitzwater, C.J.); *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Pracs. and Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1179 (C.D. Cal. 2010) (holding that plaintiffs who did not take their vehicles to authorized Toyota dealership for repair, as required by warranty, could not pursue claim for breach of express warranty).

Here, the warranty provides: "To obtain service under this limited warranty, purchaser must return product to an authorized phone service facility." In its December 5, 2013, Order, this Court dismissed all plaintiffs' express warranty claims for failure to plead facts satisfying this contractual precondition. *See* Mem. Op. & Order at 16-19. Simply alleging that Plaintiffs had returned their phones to their wireless service carrier, the Court held, did not show that Plaintiffs had returned their phones to a STA authorized phone service facility. *See id.* at 19.

Although Plaintiff Newbold now alleges that he called Samsung twice and Samsung told him to contact Sprint, Newbold has not alleged that Samsung identified Sprint as an authorized phone service facility for warranty claims or that he returned his device to Sprint for repair or replacement under the warranty.   Accordingly, Newbold's express warranty claim should be dismissed.

**C.      NEWBOLD'S UCC IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED BECAUSE HE FAILS TO PLAUSIBLY PLEAD THAT HE GAVE SAMSUNG AN OPPORTUNITY TO REPAIR OR REPLACE HIS PHONE WHICH IS HIS SOLE REMEDY**

Under the California UCC, if a remedy "is expressly agreed to be exclusive . . . it is the sole remedy." *Cal. Com. Code § 2719(1)(b)* (West 2002).   Samsung's Limited Warranty provides the sole remedy of repair or replacement of any "defective component part of Product." *See* Exhibit A to Am. Complt.   Newbold pleads that he "afforded Samsung and his authorized phone service facilities repeated opportunities to repair or replace the defective phones";  that he "called Samsung at least twice regarding the defect"; and that Samsung told him to "contact Sprint to…resolve his phone's problems."   Am. Complt. at ¶ 133.   The Court previously dismissed this claim.   *See* Mem. Op. & Order at 22.   Newbold alleging that he called Samsung twice—without any other information regarding the phone number that he called, whom he spoke with or that Sprint was identified as an "authorized phone service facility" under the Limited Warranty—does not change the outcome.   Newbold fails to plausibly allege that he gave Samsung an opportunity to repair or replace his defective phone—the only remedy available under Samsung's Limited Warranty.   Thus, his breach of implied warranty claim under the UCC should be dismissed.

## III.      CONCLUSION

In sum, because Newbold fails to plead sufficient facts showing that he satisfied the contractual precondition to his express warranty claim and, moreover, because Newbold pleads facts showing that he did not satisfy such precondition, Newbold's express warranty claims

should be dismissed.  Newbold's implied warranty claim should be dismissed because he fails to plead sufficient facts showing that he gave Samsung an opportunity to repair or replace his phone—the sole remedy under the Limited Warranty.


Date:  March 14, 2014                    Respectfully submitted,


                                         /s/ John Volney
                                         Jeffrey M. Tillotson, P.C.
                                         Texas State Bar No. 20039200
                                         jtillotson@lynnllp.com
                                         Alan Dabdoub
                                         Texas State Bar No. 24056836
                                         adabdoub@lynnllp.com
                                         John Volney
                                         Texas State Bar No. 24003118
                                         jvolney@lynnllp.com
                                         **LYNN TILLOTSON PINKER & COX, L.L.P.**
                                         2100 Ross Avenue, Suite 2700
                                         Dallas, Texas  75201
                                         (214) 981-3800 Telephone
                                         (214) 981-3839 Facsimile

                                         **ATTORNEYS FOR DEFENDANT
                                         SAMSUNG TELECOMMUNICATIONS
                                         AMERICA, LLC**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on March 14, 2014.


                                         /s/Alan Dabdoub
                                         Alan Dabdoub