IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD TALIAFERRO and BRIAN NEWBOLD, Individually and on behalf of All Others Similarly Situated, <br><br>   Plaintiffs, <br><br>v. <br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br>   Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> 3:12-CV-4782-D |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
NON-DESTRUCTIVE TESTING OF PLAINTIFFS' MOBILE DEVICES**
_____

TO THE COURT:

Defendant Samsung Telecommunications America, LLC ("STA") respectfully submits this Reply Brief in Support of its Motion to Compel Non-Destructive Testing of Plaintiffs' Mobile Devices (the "Motion to Compel").

## I.    INTRODUCTION

In response to STA's Motion to Compel, Plaintiffs present no compelling reason or legal justification for requiring that testing of Plaintiff's mobile devices be performed by an independent laboratory or testing facility in Southern California. Instead, Plaintiffs simply resort to making unsubstantiated claims that STA's proposed non-destructive testing may not actually be "non-destructive" and STA's testing and transportation of Plaintiffs' mobile devices may cause damage or alter the devices from their original state. And yet, Plaintiffs cite no authority

to allow them to dictate the location or conditions of the requested inspection and testing; instead, Plaintiffs resort to taking cheap shots at STA by quoting one of STA's internal emails out of context. But, regardless of Plaintiffs' efforts to smear STA, the law is clear that STA should be permitted to conduct non-destructive testing of Plaintiffs' mobile devices in the manner that STA has proposed in order to determine the cause(s) of the issues that Plaintiffs are complaining about in this lawsuit. Accordingly, STA's Motion to Compel should be granted in its entirety and this Court should enter an order overruling Plaintiffs' objections and compelling Plaintiffs to produce their subject mobile devices to STA so that an appropriate analysis of them can be undertaken on behalf of STA.

## II.    REPLY ARGUMENT

**STA Is Entitled to Conduct Its Own Non-Destructive Testing of Plaintiffs' Mobile Devices.**

Based on the parties' representations, there is no dispute that Plaintiffs' Galaxy S mobile devices are tangible things that STA may inspect and test. Rather, the main dispute between the parties concerns whether such inspection and testing should be conducted by STA itself or an independent laboratory or testing facility in Southern California and whether such inspection and testing are premature and impermissible merits discovery.

STA's ability to conduct its own inspection and testing of Plaintiff's mobile devices, however, is crucial to STA's preparation of its defense in this lawsuit, including its opposition to class certification. The gravamen of Plaintiffs' lawsuit is that their Galaxy S mobile devices suffered from a common hardware defect that caused their devices to randomly freeze, shut down, reboot, miss calls, miss texts, and/or power-off while in standby mode, rendering their phones inoperable and unfit for their intended use and purpose. In order to defend itself against Plaintiffs' allegations, including those regarding the purported class-wide hardware defect, STA

must know at minimum, what specific defects with Plaintiff's mobile devices are at issue and their causes and whether the "claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3); *see also Coles v. Nyko Techs., Inc.*, 247 F.R.D. 589, 592-93 (C.D. Cal. 2007) (granting motion to compel and compelling production of plaintiff's products at issue for defendant's inspection and testing before class certification because such inspection and testing addressed whether plaintiff's claims were "typical of the claims of the class plaintiff s[ought] to represent"); *Sipe v. Ford Motor Co.*, 837 F. Supp. 660, 661 (M.D. Pa. 1993) ("A products liability case focuses on the product itself. Often, such trials involve competing expert testimony that juries must evaluate. To allow a plaintiff to go forward with a case in which the defendant's expert would not be able to examine the very product at issue would be unfairly prejudicial."). This requisite knowledge can only be fairly obtained by allowing STA to conduct its own inspection and testing of Plaintiffs' mobile devices.

Moreover, although Plaintiffs contend that any inspection and testing should be conducted by an independent laboratory or testing facility in Southern California instead of by STA at its facilities, Plaintiffs have not presented any compelling reason or legal justification in support of that request. Indeed, Plaintiffs do not even explain how or why there is any more assurance that an independent laboratory would not damage, alter, or destroy the subject mobile devices. Furthermore, Plaintiffs entirely ignore the substantial and significant safeguards that STA has built into the testing protocol to preserve the integrity of Plaintiffs' mobile devices, including backing up the devices, allowing only non-destructive tests, and videotaping the tests. In fact, STA has even offered to allow Plaintiff's representative to attend the testing, even though the caselaw is replete with authorities disallowing an opposing party from attending or

supervising such non-destructive testing. *See, e.g., Ramos v. Carter Express Inc.*, 292 F.R.D. 406, 409-10 (S.D. Tex. 2013) (citing cases).

In addition, Plaintiffs' contention that STA should not be permitted to conduct its own inspection and testing of Plaintiffs' mobile devices completely undermines the important principle underlying the rules of discovery that all parties are entitled to equal access to the evidence. *See, e.g., Newby v. Enron Corp.* (*In re Enron Corp. Sec. Litig.*), 206 F.R.D. 427, 451 (S.D. Tex. 2002). Plaintiffs and their counsel have had uninterrupted and unfettered access to Plaintiffs' mobile devices since the inception of this lawsuit, during which time, they have been free to study the devices, transport the devices to any location they wanted, have as many experts as they would like examine the devices, and conduct whatever tests they wanted on the devices, all in total secrecy and without notice to STA about their activities or any damage or alteration to the evidence therefrom. And yet, Plaintiffs—after initiating this lawsuit and putting their mobile devices at issue in the first place—now want to deny STA its right to equal access to such crucial evidence. Plaintiffs' unsubstantiated concern that evidence will be lost or altered without independent testing or during transportation to STA's facilities is an insufficient reason to impair STA's right to adequately prepare for trial.

Finally, there is considerable reason to doubt that Plaintiffs' fear that their mobile devices will be damaged or lost is, in fact, one that Plaintiffs actually hold. Rather, the conclusion to Plaintiffs' Opposition to STA's Motion to Compel [Doc. No. 115-1] suggests that Plaintiffs' paramount point of disagreement with STA lies not with whether STA or an independent laboratory in Southern California conducts the actual inspection and testing, but with whether Plaintiffs should bear any portion of the costs to back-up Plaintiffs' mobile devices: "Plaintiffs request any testing of their phones take place in an independent laboratory mutually agreed to by

the parties and which is located in Southern California.  ***In the alternative, Plaintiffs request Samsung be ordered to pay any and all costs necessary to make a complete backup of the phones, both physical and logical, prior to testing the phones.***"  This alternative argument by Plaintiffs indicates that Plaintiffs have no real disagreement over the testing but simply want to avoid an expense of (at most) a few hundred dollars to back-up the phones.

Thus, there is no valid reason for Plaintiffs' unreasonable and unfair demand that STA forgo its right to conduct its own inspection and testing of Plaintiffs' mobile devices at its facilities.  Accordingly, this Court should grant STA's Motion to Compel in its entirety.

### III.  CONCLUSION

For the foregoing reasons, Defendant Samsung Telecommunications America, LLC should be permitted to conduct non-destructive testing of Plaintiffs' mobile devices in the manner that STA has proposed.

Date:  May 8, 2014                                  Respectfully submitted,

*/s/ John Volney*
Jeffrey M. Tillotson, P.C.
Texas State Bar No. 20039200
jtillotson@lynnllp.com
Alan Dabdoub
Texas State Bar No. 24056836
adabdoub@lynnllp.com
John Volney
Texas State Bar No. 24003118
jvolney@lynnllp.com
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANT
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on May 8, 2014.

*/s/ John Volney*
John Volney
