AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:12-CV-4782-D

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Sprint Wireless/ Sprint Spectrum LP Records Cust.

on *(date)* 08/28/2014 .

☑ I served the subpoena by delivering a copy to the named person as follows: Calli Keep, as Supervisor of Subpoena Complinace at 6480 Sprint Parkway, Overland Park Kansas 66251

on *(date)* 08/28/2014 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08/28/2014

_____
Server's signature

Kim Presler
*Printed name and title*
5350 W 94th Terr Ste 206
Prairie Village Ks 66207

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Relevant Time Period

The relevant time period for these requests for production is October 1, 2010 through the present.

## Defined Terms

1. "Document(s) has the same meaning as defined in Federal Rule of Civil Procedure 34 and Federal Rules of Evidence 1001, including any electronically stored documents or information, preliminary versions, drafts, or revisions, and is used as broadly as permitted under the Federal Rules, including electronically stored information, audio or digital recordings, tapes and discs.

2. "Communications" refers to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, without limitation, speech, writings, documents, language of any kind, or by computer or any electronic means. The term "Communications" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity or trade releases.

3. "You" or "Your" refers to Sprint Spectrum, LP, and any of their parents, subsidiaries, affiliates, employees, agents and/or persons or entities on their behalf.

4. "Related to" and all words derivative means concerning, regarding, referring to, discussing, describing, memorializing, evidencing, comprising, mentioning, enumerating, pertaining to, being connected with, summarizing, reflecting, or constituting.

## Requests for Production

Request No. 1:
      All billing statements and account records related to Shane M. Galitski.

Request No. 2:
      All communications between you and Shane M. Galitski regarding any performance issues with his Samsung Galaxy S mobile device.

Request No. 3:
      All text messages sent by Shane M. Galitski regarding any performance issues with his Samsung Galaxy S mobile device.

Request No. 4:
      All documents related to Shane M. Galitski regarding any performance issues with his Samsung Galaxy S mobile device.

Request No. 5:
      All documents related to Shane M. Galitski regarding any exchange request or repair request with respect to his Samsung Galaxy S mobile device.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD TALIAFERRO and BRIAN NEWBOLD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br><br>3:12-cv-04782-D |

## AMENDED NOTICE OF SUBPOENA DUCES TECUM TO SPRINT WIRELESS/SPRINT SPECTRUM, LP

TO:  Plaintiffs Shane Galitski, Richard Taliaferro and Brian Newbold, through their attorney of record, William J. Doyle, II and Samantha A. Smith, Doyle Lowther, LLP, 10200 Willow Creek Road, Suite 150, San Diego, CA 92131.

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Defendant Samsung Telecommunications America, LLC intends to serve a Subpoena, in the form attached hereto, on Sprint Wireless/Sprint Spectrum, LP on August 26, 2014 or as soon thereafter as service may be effectuated.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was duly served upon the following via email on August 26, 2014.

William J. Doyle, II
bill@doylelowther.com
James R. Hail
jim@doylelowther.com
Katy DiDonato
kate@doylelowther.com
Doyle Lowther, LLP
10200 Willow Creek Road, Suite 150
San Diego, CA  02131
858.935.9959 - Telephone
858.939.1939 – Facsimile

Alan M. Mansfield
alan@clgca.com
The Consumer Law Group
9466 Black Mountain Road, Suite 225
San Diego, CA  92126
619.308.5034 – Telephone
888.341.5048 - Facsimile

Marc R. Stanley
marcstanley@mac.com
Martin Woodward
mwoodward@stanleyiola.com
Scott Kitner
Skitner@stanleyiola.com
Stanley • Iola, LLP
3100 Monticello Avenue, Suite 750
Dallas, Texas  75205
214.443.4300 – Telephone
214.443.0358 – Facsimile

Ekwan E. Rhow
eer@birdmarella.com
David I. Hurwitz
dih@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS &
LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
310.201.210 - Telephone
310.201.2110 - Facsimile

Thomas E. Glynn
tom@glynnlawgroup.com
Glynn Law Group
9466 Black Mountain Road, Suite 215
San Diego, CA  92126
858.271.1100 – Telephone
858.876.1530 – Facsimile

*/s/ Alan Dabdoub*
ALAN DABDOUB

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| SHANE GALITSKI ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:12-CV-4782-D |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LC ) ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records Sprint Wireless/Sprint Spectrum, LP, 6480 Sprint Parkway, Overland Park, KS 66251

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Lynn Tillotson Pinker & Cox, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201 | Date and Time:<br><br>09/26/2014 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/26/2014

*CLERK OF COURT*                                                    OR   /s/ Alan Dabdoub

_____                              _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Samsung Telecommunications America, LC   , who issues or requests this subpoena, are:

Alan Dabdoub, Lynn Tillotson, Pinker & Cox, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201 (214) 981-3800; adabdoub@lynnllp.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).