IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD TALIAFERRO and BRIAN NEWBOLD, Individually and on behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 3:12-CV-4782-D |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO THE COURT'S SEPTEMBER 25, 2014 ORDER REGARDING PLAINTIFFS' APPLICATION TO SEAL CLASS CERTIFICATION BRIEFING**

On September 24, 2014, plaintiffs Shane Galitski, Brian Newbold and Richard Taliaferro filed an application to file under seal Plaintiffs' Brief in Support of Motion for Class Certification and the Appendix filed in support. (ECF No. 138). This request was made because a large portion of the briefing referenced, and oftentimes quoted, documents produced by defendant Samsung Telecommunication America, LLC and certain non-parties that were designated as "Confidential" and/or "Attorneys' Eyes Only," pursuant to the Stipulated Protective Order entered April 23, 2013 (ECF No. 71).[1]

Concerned about filing plaintiffs' entire briefing under seal, on September 25, 2014, the Court ordered plaintiffs to "address in writing (1) why part of the brief and appendix cannot be filed publicly, and/or (2) why redacted versions of the brief and appendix cannot be filed

---

[1] Plaintiffs take no position as to whether the material designated by Samsung or third parties as "confidential" or "for attorneys' eyes only" should be subject to seal under the Federal Rules. Plaintiffs are attempting to comply with the terms of the Protective Order, pursuant to which Samsung and third parties produced and designated this material.

publicly." (ECF No. 140 at 1). In response, plaintiffs submit for filing a redacted version of their Brief in Support of Class Certification and accompanying Appendix. Redacted from these materials are documents and information pulled from documents that Samsung or third parties designated as "Confidential" and/or "Attorneys' Eyes Only," pursuant to the Protective Order in this case. Plaintiffs believe the redactions are appropriate under the existing confidentiality designations. The remainder of Plaintiffs' briefing and supporting evidence is available for public review.

Date:  October 3, 2014

Respectfully submitted,

DOYLE LOWTHER LLP

　　*/s/ James R. Hail*　　
James R. Hail (TX SBN 24002207)
jim@doylelowther.com
William J. Doyle, II (CA SBN 188069)
bill@doylelowther.com
John A. Lowther (CA SBN 207000)
john@doylelowther.com

10200 Willow Creek Road, Suite 150
San Diego, CA 92131
858.935.9960 – Telephone
858.939.1939 – Facsimile

STANLEY LAW GROUP
Marc R. Stanley
marcstanley@mac.com
Martin Woodward
mwoodward@stanleylawgroup.com
Scott Kitner
skitner@stanleylawgroup.com
3100 Monticello Avenue, Suite 770
Dallas, TX 75205
214.443.4300 – Telephone
214.443.0358 - Facsimile

GLYNN LAW GROUP
Thomas E. Glynn
tom@glynnwgroup.com
10200 Willow Creek Road, Suite 170

San Diego, CA 92131
858.271.1100 – Telephone
858.876.1530 – Facsimile

THE CONSUMER LAW GROUP
Alan M. Mansfield
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
619.308.5034 – Telephone
888.341-5048 – Facsimile

*counsel for plaintiffs and proposed cla*ss

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on October 3, 2014:

                                             */s/ James R. Hail*
                                              James R. Hail

                                              DOYLE LOWTHER LLP
                                              10200 Willow Creek Road, Suite 150
                                              San Diego, CA 92131
                                              858.935.9960 – Telephone
                                              858.939.1939 – Facsimile
                                              jim@doylelowther.com