Exhibit NNNN.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD | § | |
| TALIAFERRO and BRIAN NEWBOLD, | § | |
| Individually and on behalf of All Others | § | |
| Similarly Situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 3:12-CV-4782-D |
| | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA, LLC, | § | |
| | § | |
| Defendant. | § | |

### Declaration of Shane Galitski in Support of Plaintiffs' Motion for Class Certification

I, Shane Galitski, under penalty of perjury, hereby declare the following from my personal experience and knowledge, and declare as follows:

1. I am over the age of 18 and am fully familiar with the facts and circumstances set forth below.

2. I respectfully submit this Declaration in support of Plaintiffs' Motion for Class Certification.

3. I am a citizen and resident of California.

4. On or about October 1, 2010, I purchased a Samsung Epic 4G mobile phone for $349.99 from the Sprint store in Costa Mesa, California, primarily for personal use.

5. Shortly after purchasing my Samsung Galaxy S mobile phone, I experienced problems with the phone, which included the phone randomly rebooting, resetting, power cycling, turning off, locking up and freezing. During this time, I was unable to make or receive

1

calls, texts or emails or otherwise use the phone for any purpose. When this happened, I would have to remove the back cover of the phone, take out the battery, reinsert the battery and reboot the phone to be able to use it again.

6.      I would not have purchased an Epic 4G phone if I had known about this defect.

7.      I understand the complaint in this case alleges defendant Samsung violated California consumer protection laws, California state and federal warranty laws, as well as Samsung's limited warranty by manufacturing, marketing, and selling defective Samsung Galaxy S mobile phones.

8.      I understand this case is pending in federal court in the Northern District of Texas.

9.      I understand that I represent a class of consumers who purchased Samsung Galaxy S mobile phones and who experienced the defect or are likely to experience the defect alleged in the complaint.

10.     I have the ability and commitment to prosecute this action vigorously on behalf of unnamed class members.

11.     Throughout this litigation I have demonstrated a willingness and ability to play an active role in and control the litigation. I have responded to discovery, which included 47 requests for production of documents, 25 interrogatories and 20 requests for admissions served by Samsung. I prepared for deposition with my lawyers and traveled to San Diego from Costa Mesa, California to sit for a deposition. I have reviewed documents filed and served in the case, including the operative complaint. I submitted my Samsung phone to a hardware, software and forensic exam by Samsung. I also regularly communicate with counsel regarding this lawsuit.

12.     I understand my obligations as a class representative and I am committed to representing absent class members fairly and adequately. I will continue to stay informed about

2

this case. I do not seek relief solely for myself, but represent a class of consumers whom I seek to make whole, meaning they receive replacement mobile phones or compensation for their defective Samsung Galaxy S phones.

13.     I am willing to represent absent class members and have no antagonistic or conflicting claims with other members of the class.

14.     I have not been promised or guaranteed any money or any other form of payment for serving as a class representative.

15.     I have arranged for my attorneys to advance all costs and expenses associated with litigating this action. My attorneys are working on a contingency fee basis.

I declare under penalty of perjury under the laws of the United States of America the above is true and correct and declare this declaration was executed on this 22 day of September 2014.

Shane Galitski

3

Exhibit OOOO.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD TALIAFERRO and BRIAN NEWBOLD, Individually and on behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 3:12-CV-4782-D |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § | |
| Defendant. | § § | |

---

### Declaration of Brian Newbold in Support of Plaintiffs' Motion for Class Certification

---

I, Brian Newbold, under penalty of perjury, hereby declare the following from my personal experience and knowledge, and declare as follows:

1.     I am over the age of 18 and am fully familiar with the facts and circumstances set forth below.

2.     I respectfully submit this Declaration in support of Plaintiffs' Motion for Class Certification.

3.     I am a citizen and resident of California.

4.     On or about August 31, 2010, I purchased a Samsung Galaxy Epic 4G mobile phone from a Sprint kiosk at RadioShack in Garden Grove, California, primarily for personal use.

5.     I paid approximately $350 for the phone.

6.     Soon after purchasing my Samsung Galaxy S mobile phone, I experienced problems with the phone, which I would describe as the phone randomly locking up, freezing,

1

rebooting and resetting, including when it was in sleep mode. Generally, when the phone froze I would have to remove the battery, reinsert the battery and reboot the phone in order to use it again.

7.      I would not have purchased a Galaxy S phone had I known about the defect.

8.      I understand the operative complaint in this action alleges defendant, Samsung, violated California consumer protection laws, California state and federal warranty laws, as well as Samsung's limited warranty by manufacturing, marketing, and selling defective Samsung Galaxy S mobile phones.

9.      I understand this case is pending in federal court in the Northern District of Texas.

10.     I understand that I am seeking to represent a class of consumers who purchased Samsung Galaxy S mobile phones and who experienced the defect or are likely to experience the defect alleged in the complaint

11.     I have the ability and commitment to prosecute this action vigorously on behalf of unnamed class members. I have participated in discovery, including answering interrogatories and requests for admission and gathering documents responsive to Samsung's document requests. I met with my lawyers to prepare for deposition and then traveled from Orange County, California to San Diego to be deposed. I have been in regular communication with my lawyers and have reviewed documents filed and served in the case, including the complaint. I provided my Samsung Galaxy S mobile phone to my attorneys, which was then subjected to a hardware, software and forensic exam by Samsung.

12.     I understand my obligations as a class representative and I am committed to representing absent class members fairly and adequately. I will continue to stay informed about the case. I do not seek relief solely for myself, but represent a class of consumers whom I seek to

make whole, meaning they receive replacement mobile phones or compensation for their defective Samsung Galaxy S phones.

13.    I am willing to represent absent class members and have no antagonistic or conflicting claims with other members of the class.

14.    I have not been promised or guaranteed any money or any other form of payment for serving as a class representative.

15.    I have arranged for my attorneys to advance all costs and expenses associated with litigating this action.  My attorneys are working on a contingency fee basis.

I declare under penalty of perjury under the laws of the United States of America the above is true and correct and declare this declaration was executed on this _17th_ day of September 2014.

Brian Newbold

3

Exhibit PPPP.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD TALIAFERRO and BRIAN NEWBOLD, Individually and on behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 3:12-CV-4782-D |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § | |
| Defendant. | § § | |

---

**Declaration of Richard Taliaferro in Support of Plaintiffs' Motion for Class Certification**

---

I, Richard Taliaferro, under penalty of perjury, hereby declare the following from my personal experience and knowledge, and declare as follows:

1.     I am over the age of 18 and am fully familiar with the facts and circumstances set forth below.

2.     I respectfully submit this Declaration in support of Plaintiffs' Motion for Class Certification.

3.     I am a citizen and resident of California.

4.     On or about October 23, 2010, I purchased a Samsung Fascinate mobile phone from Fry's Electronics in Roseville, California, primarily for personal use.

5.     I paid $149.99 plus tax for the phone, which sold for a unit price of $549.99.

6.     Within approximately one month of purchase, I experienced problems with the phone, which I would describe as the phone freezing, including the phone not being able to wake

1

APP. 1269

up from sleep mode. For instance, I would think the phone was on and in sleep mode only to find when I went to use the phone that it had shut off or was frozen. Generally, when this happened I would have to remove the back cover of the phone, take out the battery, wait 30 to 60 seconds, reinsert the battery and reboot the phone to be able to use it again.

7.     Had I known about this defect prior to purchase I would not have bought the Fascinate phone.

8.     I understand the operative complaint in this action alleges defendant Samsung violated California consumer protection laws, California state and federal warranty laws, as well as Samsung's limited warranty by manufacturing, marketing, and selling defective Samsung Galaxy S mobile phones.

9.     I understand this case is pending in federal court in the Northern District of Texas.

10.     I seek to represent a class of consumers who purchased Samsung Galaxy S mobile phones and who experienced the defect or are likely to experience the defect alleged in the complaint

11.     I have the ability and commitment to prosecute this action vigorously on behalf of unnamed class members.

12.     Among other things, I drove to San Diego to be deposed and to prepare for my deposition. I answered written discovery questions from Samsung, including numerous document requests and written interrogatories. During the course of this litigation, I have reviewed documents filed and served in the case, including the complaint, and answered questions from my attorneys. I submitted my phone for a hardware, software and forensic examination by Samsung. I also regularly communicate with my lawyers regarding this case.

2

13.     I understand my obligations as a class representative and I am committed to representing absent class members fairly and adequately. I will continue to stay informed about the case. I do not seek relief solely for myself, but represent a class of consumers whom I seek to make whole, meaning they receive replacement mobile phones or compensation for their defective Samsung Galaxy S phones.

14.     I am willing to represent absent class members and have no antagonistic or conflicting claims with other members of the class.

15.     I have not been promised or guaranteed any money or any other form of payment for serving as a class representative.

16.     I have arranged for my attorneys to advance all costs and expenses associated with litigating this action.  My attorneys are working on a contingency fee basis.

I declare under penalty of perjury under the laws of the United States of America the above is true and correct and declare this declaration was executed on this 22nd day of September 2014.

Richard Taliaferro

3

Exhibit QQQQ.



TEL: 858.935.9960 • FAX: 858.939.1939

TOLL FREE: 888.933.5770

10200 WILLOW CREEK ROAD, SUITE 150

SAN DIEGO, CALIFORNIA 92131

**D**oyle Lowther LLP represents plaintiffs across the United States in class action and other complex litigations. The firm's lawyers have decades of complex litigation experience and have represented consumers and investors in securities fraud class actions, derivative and merger litigation, antitrust litigation, product defect and false advertising class actions, consumer fraud class actions, and mass tort litigation. The firm's partners have worked on some of the largest frauds in the United States.

Our attorneys have substantial complex litigation track records. We are skilled in representing clients in complex disputes that involve multiple parties, sophisticated subject matters, extensive discovery and complicated testimony. The firm has extensive experience litigating complex cases in federal and state courts throughout the country and is familiar with the procedural complexities associated with class certification, multi-district litigation, and representing clients where parallel litigation is underway in state and federal court.

Doyle Lowther has experience in a wide range of complex litigation such as derivative litigation on behalf of nominal defendant corporations, security class actions on behalf of aggrieved security purchasers and sellers, antitrust and investment fraud, mergers and acquisitions, breaches of fiduciary duty by corporate officers and directors, products liability and consumer protection litigation, and mass torts.

We leverage technology to streamline our complex cases. The firm uses proven technologies and processes in the areas of electronic document coding and imaging, database design, computerized presentations, investigative databases, and real-time data and analytics. Our technological expertise distinguishes Doyle Lowther from many other plaintiff law firms and adds to the quality of our legal representation.

## Representative Consumer, Antitrust, Security, and Investor Litigation

### Honda Civic Hybrid MPG Litigation

Doyle Lowther and its co-counsel represented California consumers in a false advertising and product defect class action regarding Honda Civic hybrid vehicles. Doyle Lowther alleged Honda misrepresented the fuel economy estimates of its model year 2003 through 2009 Honda Civic Hybrid vehicles and charged the vehicles' IMA battery underperformed. The litigation concluded successfully with class members receiving compensation for the alleged misrepresentation in fuel economy estimates and extended warranty protection on the expensive hybrid battery. Approximately 60,000 class members claimed benefits in a settlement conservatively valued at $87.5 million.

### NVIDIA GPU Products Liability Litigation

Doyle Lowther and its co-counsel represented purchasers of Dell, Hewlett-Packard, Compaq and Apple computers containing defective graphics processing chips manufactured by NVIDIA. For years, notebook and desktop computers sold to consumers contained defective NVIDIA chips, resulting in video and graphics problems, distorted video, peripheral component malfunctions, overheating, and other problems. Doyle Lowther filed a class action complaint alleging NVIDIA and the computer manufacturers failed to remedy the defective components. The firm further alleged defendants used a temporary "fix" that failed to remedy the problem, and instead delayed the defects from manifesting until the affected computers were out of warranty. In late 2010, after years of hard-fought litigation, Doyle Lowther and co-counsel obtained a settlement for consumers that repaired or replaced their defective computers at no cost. As part of the settlement, consumer could also seek reimbursement for out of pocket repair costs. Ultimately, NVIDIA took an accounting reserve of more than $500 million to remedy the defect and resolve the litigation.

### LG G2x Class Action Litigation

Doyle Lowther successfully represented consumers who purchased defective smartphone handsets from LG, resulting in a $7.7 million

settlement on behalf of affected consumers in one matter, and continues to prosecute claims in another matter. Plaintiffs alleged a defect with the cell phones caused the phones to repeatedly and randomly freeze, crash, reset or power-off completely, rendering the phones inoperable and unfit for their intended use and purpose. Worse, to restart the phones, users must remove and replace the phones' battery, as often as ten times per day, infuriating consumers. Despite having received thousands of complaints, LG refused to issue a recall or provide any remedy, other than to replace the defective phones with the same model of defective phone. Doyle Lowther defeated defense motions to dismiss, vigorously pursued discovery in multiple states, and achieved an excellent resolution for consumers.

## Sequenom Shareholder Derivative Litigation

Doyle Lowther served as co-lead counsel and represented nominal defendant Sequenom, Inc., *Turnock v. Stylli*, Case No. 37-2009-00089975-CU-BTCTL (San Diego Sup. Ct. May 2009). We prosecuted claims alleging Sequenom's directors and senior officers breached their fiduciary obligations to the company by making false statements and concealing material information from consumers, including falsifying test results from clinical medical trials, which Sequenom has since admitted. The case was favorably resolved in 2010, resulting in a settlement which included no payoffs or "golden parachutes" to managers and directors who engaged in wrongdoing and were terminated, saving Sequenom and its shareholders millions of dollars, a $14 million cash payment to the company funded by director and officer insurance carrier proceeds, and significant revisions to Sequenom's corporate governance practices, including mandated independent directors, board and committee governance practices, and internal control compliance procedures to avoid a repeat of the wrongful conduct.

## ev3 Shareholder Merger Litigation

Doyle Lowther served as co-lead counsel in representing ev3 shareholders in Minnesota litigation arising from the ev3 board of directors' attempt to sell the company to an interested party, Covidien, at an alleged unfair price using transaction devices to forcibly divest shareholders of their share ownership. Our firm spearheaded the litigation, including filing the first complaint, conducting discovery, working with valuation experts, and

deposing the company's CEO concerning the transaction. The matter settled favorably in Summer 2010, which included pending actions in both Delaware and Minnesota, resulting in changes to the unfair transaction provisions, disclosure of additional material information to shareholders, and revised statutory appraisal procedures for shareholders who sought to exercise their appraisal rights.

## Citigroup Hedge Fund Litigation

Doyle Lowther sued Citigroup and related entities and individuals for misrepresenting the investment risk associated with its MAT hedge funds and investments. In July 2010 Doyle Lowther successfully negotiated resolution of its client's claims in a confidential settlement. Citigroup promoted its MAT funds as conservative investments, appropriate for high-end clients who wanted to place their money in a safe investment. Plaintiff alleged the MAT funds were never the safe, conservative investment Citigroup represented. Instead, Citigroup's MAT funds, it was charged, were predicated on risky investment strategies, and the funds eventually imploded, forcing Citigroup to infuse $660 million into the MAT funds to keep them afloat, as public attention increased regarding the manner in which the risky hedge funds were promoted to conservative investors. MAT investors lost as much as 90% of the value of their investments.

## Platinum and Palladium Commodities Antitrust Litigation

Doyle Lowther serves as lead counsel for a physical purchaser class in a platinum and palladium bullion manipulation litigation. *In re: Platinum and Palladium Commodities Litig.*, No. 10-civ-3617 (WHP) (S.D.N.Y.). The complaint alleges that certain hedge funds conspired with other entities to manipulate the price of the platinum and palladium futures and physical market by systemically engaging in "market on close" orders (commonly called "banging the close") that artificially drove up the closing price of platinum and palladium. The daily NYMEX platinum and palladium closing price is based on the volume-weighted average price of the last two minutes of trades on that date. The complaint alleges the Defendants "banged the close" by making large, uneconomic purchases of platinum and palladium in the seconds prior to close, skewing the volume-weighted average and artificially driving up the closing price. The court recently gave preliminary approval to a settlement in excess of $9 million.

*In re Sony VAIO Computer Notebook Trackpad Litigation*

Doyle Lowther has been appointed co-lead counsel in the certified class action litigation against Sony Electronics. Doyle Lowther represents thousands of Class Members who own defective Sony VAIO laptops. Currently pending in the Southern District of California, plaintiffs allege Sony sold its premium VAIO computer line knowing the laptops contain a trackpad defect. The trackpad defect renders consumers' computers inoperable. For example, the Sony VAIO trackpad will move the computer's cursor in a direction opposite to a user's input. The trackpad defect also results in the VAIO randomly opening and closing files and programs on the laptop. And the trackpad defect causes certain Sony VAIO notebooks to freeze or lock up. The VAIO trackpad defect makes it impossible to use Sony's VAIO notebooks as warranted and as advertised.

*LG Optimus M Smartphone Class Action Litigation*

Doyle Lowther represents consumers who purchased defective smartphone handsets from LG. Plaintiffs allege a defect with the expensive cell phones causes the phones to randomly freeze, crash, reset or power-off completely, rendering the phones inoperable and unfit for their intended use and purpose. To date, Doyle Lowther has successfully defeated a motion to arbitrate in state court and prevailed at the California Court of Appeal on LG's appeal.

**Mass Tort Litigation**

*San Diego Wildfire Litigation*

Doyle Lowther represented multiple litigants whose homes and business were destroyed during the October 2007 San Diego fires. *In re 2007 Wildfire Individual Litigation – Witch Creek/Guejito Fires*, Case No. 2008-00093080 (San Diego Sup. Ct. 2008). The fires destroyed thousands of homes and forced half a million San Diego residents to flee in the largest mass evacuation in California history. For over a week, the fires scorched hundreds of thousands of acres causing the deaths of two residents and injuring forty-five firefighters.

DOYLE LOWTHER LLP

The *2007 Wildfire* litigation was a highly complex mass tort action, with hundreds of parties, including sureties, individuals, and corporations on both sides. This litigation required complex case expertise to manage the factual, procedural, and resource complexities in advancing the litigation. Doyle Lowther served on several litigation committees and took a leading role, working cooperatively with co-counsel, to advance the litigation. Doyle Lowther recovered millions of dollars on behalf of devastated homeowners.

*Pelvic Mesh Products Liability Litigation*

Doyle Lowther attorneys are currently serving as Co-Chairs of the Science and Expert and Law and Briefing Committees in the *Cook Medical Inc. Pelvic Repair System Product Liability Litigation* MDL. The firm also represents scores of women who received defective medical products used in the treatment of pelvic organ prolapse and stress urinary incontinence. The defective products, frequently called "pelvic mesh" or "vaginal mesh," are the subject of thousands of lawsuits and an investigation by the U.S. Food and Drug Administration investigation into their safety and efficacy. In 2011, after receiving over 3,800 serious adverse event reports, the FDA issued a Public Health Advisory announcing that serious complications associated with these devices were not rare occurrences, as previously believed. The FDA recommended that all surgeons cease the transvaginal implantation of pelvic mesh and only implant these products abdominally or laparoscopically. The FDA ordered the manufacturers to conduct studies into the safety and efficacy of these products. The vast majority of pelvic mesh products were introduced into the market via the FDA's controversial 510(k) process, which does not require pre-market testing on the efficacy or safety of a product if the product is "substantially similar" to a product already on the market. After the FDA's announcement several pelvic mesh products were voluntarily removed from the market. More than 50,000 lawsuits are pending against the largest manufacturers of pelvic mesh. The majority of these lawsuits are pending in the U.S. District Court for the Southern District of West Virginia and the New Jersey Superior Court for Atlantic County.

**Other Complex Class Action Litigation**

Before founding Doyle Lowther, two of the firm's partners were principal

DOYLE LOWTHER LLP

litigators for seven years in *In re Enron Corp. Securities Litigation*, Civ. No. H-01-3624 (S.D. Tex. 2001), and directly participated in recovering $7.2 billion on behalf of thousands of individual and institutional investors hurt in the massive Enron securities fraud. The $7.2 billion recovery is the single largest recovery ever in a securities fraud class action. The firm's partners also litigated *In re Dynegy Inc. Securities Litigation*, File No. H-02-1571 (S.D. Tex.), resulting in a $474 million recovery for investors.

## MEMBERS

### William J. Doyle II

William Doyle is a founding partner of Doyle Lowther LLP. Since 1998 Mr. Doyle has focused his practice on representing individuals, institutional investors and consumers as plaintiffs in complex litigation involving securities fraud, mergers and acquisitions, ERISA, consumer fraud, Internet privacy and defective products. Mr. Doyle successfully represented consumers in recent class action litigations against *Honda* and *Nvidia*. He serves as lead counsel in the *Midland Annuities*, *LG smartphone*, and *Platinum and Palladium Antitrust* litigations. Mr. Doyle also oversees hundreds of cases in the firm's mass tort department, including the *Pelvic Repair System products liability litigation* and the *Bayer IUD* litigation.

Prior to founding Doyle Lowther, Mr. Doyle was a partner in the national class action law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP. While at Lerach Coughlin and its predecessor firm Milberg Weiss, he represented clients in complex class action litigations and investigated and initiated new cases. Mr. Doyle also played a lead role in developing the firm's first portfolio monitoring program for institutional investors.

In 2003 Mr. Doyle filed the first case against the New York Stock Exchange and its seven specialist trading firms for illegal trading and market manipulation practices. While at his prior firm, Mr. Doyle had the privilege of representing the California Public Employees' Retirement System (CalPERS) as lead counsel in the *NYSE securities* litigation.

In the *Trans Union Corp.* privacy litigation Mr. Doyle served as co-lead counsel, representing millions of consumers whose private credit information was unlawfully disclosed to third parties. Mr. Doyle

successfully certified a statutory damages class action of approximately 9 million Illinois consumers and helped negotiate a nationwide settlement for consumers valued at over $109 million.

Mr. Doyle has been appointed by federal judges to be lead or co-lead counsel in numerous multidistrict litigation proceedings, including, MDL-1329 *In re RealNetworks, Inc. Privacy Litigation*; MDL-1341, *America Online, Inc. Version 5.0 Software*; MDL-1346, *In re Amazon.com Privacy Litigation*; MDL-1350, *In re Trans Union Corp. Privacy Litigation*; MDL-1352, *In re DoubleClick Inc. Privacy Litigation*; MDL-1381 *Toys R Us, Inc. Privacy Litigation*; and MDL-1400, *In re Pharmatrak Privacy Litigation*.

Mr. Doyle served as lead or co-lead counsel for plaintiffs in a series of landmark Internet privacy cases. Applying unique and untested legal theories, Mr. Doyle and his co-counsel achieved important new privacy protections for online consumers. For example, in the *In re Pharmatrak Privacy Litigation*, Mr. Doyle took the lead in writing a successful First Circuit appellate brief that overturned summary judgment and applied, for the first time, federal wiretap statutes to Internet technology. In the *Amazon.com* case, a federal court certified the first nationwide class for Internet privacy claims and a settlement in the *DoubleClick* litigation provided important online privacy protections for nearly every user of the Internet in the United States.

Mr. Doyle has also served as co-lead counsel in complex product defect class actions, including a lawsuit against Apple for defects in the DVD player of its iMac personal computer ($47 million settlement); a class action against SBC Communications for defective DSL Internet service ($55 million settlement); and a class action against America Online, Inc. for software defects. ($15.5 million settlement).

A native of San Diego, California, Mr. Doyle graduated from the University of San Diego with an undergraduate degree in economics. After working in the legal field, Mr. Doyle earned his law degree in 1996 from the California Western School of Law on an accelerated, two-year program. Mr. Doyle is admitted to practice in state and federal courts throughout California, the United States District Court for the Western District of Washington, and the United States Court of Appeals for the First and Second Circuits. Mr. Doyle is a member of the American Bar Association, the American Association for Justice, The State Bar of California, the San Diego County Bar Association, the Consumer Attorneys of San Diego, and the National

DOYLE LOWTHER LLP

Trial Lawyers Association. Mr. Doyle also served on the board of directors for the Association of Business Trial Lawyers and as a director of the San Diego County Bar Foundation.

## John A. Lowther

John Lowther is a founding partner of Doyle Lowther. Since 2000 Mr. Lowther has participated in large and complex litigations on behalf of individuals, investors, consumers and financial institutions, helping them to recover billions of dollars in damages due to fraud and malfeasance. Mr. Lowther has been appointed lead counsel and litigated myriad security, derivative, consumer, and class action litigations on behalf of aggrieved consumers and investors, including the *Sequenom* litigation, *Platinum and Palladium* Antitrust litigation, as well as *In re NVIDIA Corp. GPU Products Liability Litigation*, No. 08-04312-JW (N.D. Cal. 2008).

Before founding Doyle Lowther, Mr. Lowther and his prior firm were appointed lead counsel, and Mr. Lowther was a principal litigator, in *In re Enron Corp. Securities Litigation*, Civ. No. H-01-3624 (S.D. Tex. 2001). Mr. Lowther and the litigation team pursued Enron, its Board, and its financial enablers following Enron's implosion in December 2001. He participated directly in the Enron litigation for over seven years, helping to recover $7.2 billion on behalf of thousands of individual and institutional investors hurt in the massive Enron securities fraud. The $7.2 billion recovery is the single largest recovery ever in a securities fraud class action.

Mr. Lowther and his prior firm also were appointed lead counsel and litigated *In re Dynegy Inc. Securities Litigation*, File No. H-02-1571 (S.D. Tex. 2003), in which individual investors and institutions pursued Dynegy and its executives for fraud. Dynegy investors suffered massive losses after discovering Dynegy had engaged in questionable transactions and misrepresented its financial results. In April 2005 Mr. Lowther helped secure a $474 million settlement on behalf of defrauded investors, an extremely favorable result for injured investors and a substantial financial recovery.

Mr. Lowther was appointed lead counsel and represented shareholders against Abercrombie & Fitch in securities litigation arising from insider trading, *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-00819 (E.D. Ohio 2007). Just before founding his own firm, Mr. Lowther defeated a motion

to dismiss in securities fraud litigation against advertising company ADVO arising from failed merger negotiations, investor misrepresentations, and excessive executive payoffs and compensation, *Kelleher v. ADVO et al.*, No. 3:06-cv-01422 (D. Conn. 2007).

Currently, Mr. Lowther is Co-Lead Counsel in derivative litigation against San Diego-based Sequenom, Inc., arising from alleged breaches of fiduciary duty by Sequenom's board of directors. *In re Sequenom, Inc., Derivative Litigation*, No. 37-2009-00089683 (Cal. Sup. Ct. 2009). Mr. Lowther represents a number of San Diego families and homeowners who lost everything in the October 2007 San Diego wildfires allegedly caused by SDG&E and Cox. *In Re 2007 Wildfire Individual Litig.*, No. 2008-00093080 (Cal. 2008). Mr. Lowther also represented tens of thousands of consumers whose notebook and desktop computers have been rendered defective by faulty graphic processing chips. *In re NVIDIA Corp. GPU Products Liability Litigation*, No. 08-04312-JW (N.D. Cal. 2008).

Born and raised on Long Island, New York, Mr. Lowther graduated from the State University of New York at Stony Brook, where he was an honors college resident. Mr. Lowther received his law degree from University of San Diego School of Law, where he served as Executive Editor of the *San Diego Law Review*. Before founding Doyle Lowther, Mr. Lowther was a judicial intern for the U.S. District Court for the Southern District of California, and thereafter was an associate with Coughlin Stoia Geller Rudman & Robbins, where he worked on complex securities and derivative litigations on behalf of injured investors. Mr. Lowther is licensed to practice in state and federal courts throughout California.

## James R. Hail

James Hail is a partner with Doyle Lowther. Since 1999 Mr. Hail has focused his practice on representing defrauded investors in both individual litigations and class actions. Mr. Hail has extensive experience litigating complex cases under federal and state securities laws, and the laws applicable to corporate governance. He continues to represent individual and institutional investors who are victims of investment fraud. Mr. Hail represented consumers in class action litigations against *Honda* and *Nvidia* and families who lost their homes or businesses during the 2007 wildfires in San Diego County.

APP. 1281

DOYLE LOWTHER LLP

At his prior firm, Mr. Hail represented individual and institutional investors in some of the nation's most notorious securities frauds. For more than five years, he was a principal litigator in the securities fraud litigation arising from the collapse of Enron Corp. The *In re Enron Corp. Securities Litigation* recovered over $7 billion for investors. Mr. Hail also represented the lead plaintiff against Dynegy Inc. and its officers and directors. The *In re Dynegy Inc. Securities Litigation* recovered over $470 million for injured investors.

Mr. Hail has represented the lead plaintiff as lead counsel or co-lead counsel in other securities fraud litigations, including a lawsuit against Coca-Cola ($137.5 million settlement); a class action against Rural/Metro Corp. ($15 million settlement); and a class action against Secure Computing ($10 million settlement).

Mr. Hail graduated from UCLA with a degree in political science. He received his law degree *cum laude* from Southern Methodist University. During law school, he served as an Articles Editor of *The International Lawyer* law journal. Mr. Hail was admitted to the State Bar of Texas in 1997 and the State Bar of California in 1999. He is also admitted to practice law in the United States District Courts for the Eastern, Northern, and Southern Districts of Texas, and the United States District Courts for the Northern, Central, and Southern Districts of California.

### ATTORNEYS

## Chris Cantrell

Mr. Cantrell is an attorney with Doyle Lowther. Mr. Cantrell joined Doyle Lowther after relocating to California from Alabama, where he practiced for several years. Mr. Cantrell concentrates his practice on defective pharmaceuticals and medical devices, mass actions, and other complex litigation matters.

Mr. Cantrell has represented thousands of individuals harmed by defective pharmaceuticals and medical devices including Vioxx, Phenylproponalamine (PPA), Ephedrine, Oxycontin, Fentanyl Time Released Patches, Baycol, Medtronic ICD Batteries, Medtronic Sprint Fidelis Leads, Lipitor, Fen-Phen, Kugel Hernia Mesh Patches, and Prempro.

APP. 1282

Mr. Cantrell also worked on one of the largest class actions in United States history, *In re: Managed Care Litigation*, (MDL 1334 S.D. Fla.). In this immense class action, Mr. Cantrell's former firm represented hundreds of thousands of primary care physicians in a RICO class action against the nation's largest health insurance providers who were systematically defrauding doctors of payments owed.

At his prior firm, Mr. Cantrell worked on several antitrust matters including the representation of thousands of independent pharmacists in an antitrust action against the nation's largest pharmacy benefit managers. *In re Pharmacy Benefit Managers Antitrust Litigation* alleges the four largest pharmacy benefit managers conspired to artificially suppress the reimbursement payments to independent pharmacists nationwide.

Litigating these matters has allowed Mr. Cantrell to practice in state and federal courts across the nation including Florida, Georgia, New York, Illinois, Pennsylvania, Minnesota, Missouri, Nevada, Oklahoma, Louisiana and the District of Columbia.

Mr. Cantrell currently represents hundreds of individuals injured by medical device manufacturers. These cases, to be litigated in the Southern District of West Virginia and other federal courts, involve implantation of defective products suffering from various medical ailments, including pelvic organ prolapse and incontinence.

Mr. Cantrell graduated from the University of Alabama at Birmingham in 1999 with Bachelors degrees in criminal justice and chemistry. Mr. Cantrell is a 2003 graduate of the University of Alabama School of Law where he was a Campbell Moot Court Board member. Mr. Cantrell is a member of the State Bar of California and the State Bar of Alabama. Mr. Cantrell is admitted to practice law in the United States District Courts for the Southern, Central and Eastern districts of California, the United States District Courts for the Northern, Southern and Middle districts of Alabama, and the United States Court of Appeals for the Tenth and Eleventh Circuits.

❑