**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHANE GALITSKI, RICHARD TALIAFERRO and BRIAN NEWBOLD, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:12-CV-4782-D |

---

**Plaintiffs' Motion to Exclude Opinions Offered by Designated Experts Joseph C. McAlexander, Abhiram Reddy Yerramaddu, and Jay Amin**

**[REDACTED]**

---

# TABLE OF CONTENTS

I.      INTRODUCTION………………………………………………………………1

II.     ARGUMENT……………………………………………………………………2

    A.  Legal Standard…………………………………………………………………2

    B.  Certain McAlexander Opinions Should Be Excluded…………………………2

        1.     McAlexander's Opinions Are Not Relevant……………………………..2

              a.    McAlexander's Opinions Exceed the Scope of Rebuttal
Testimony………………………………………………………3

              b.    McAlexander's Opinions Are Legal Conclusions………………….4

        2.     McAlexander's Opinions Are Not Reliable……………………………5

              a.    McAlexander's Opinions Are Not Supported by His Knowledge or
Experience……………………………………………………5

              b.    McAlexander's Opinions Are Conclusory……………………….6

              c.    McAlexander's Opinions Will Not Aid the Fact Finder……………7

              d.    McAlexander's Expert Testimony Has Previously Been Considered
Unreliable……………………………………………………8

    C.  Designated Experts Yerramaddu and Amin Should be Excluded…………………9

        1.     Yerramaddu and Amin Failed to Submit Expert Reports Pursuant to FRCP
26(a)(2)(B)…………………………………………………………9

        2.     Yerramaddu and Amin Are Not Qualified to Offer Expert Opinions on Plaintiffs'
Phones……………………………………………………………...11

III.     CONCLUSION………………………………………………………………...12

i

## TABLE OF AUTHORITIES

**Cases**

*Beane v. Utility Trailer Mfg. Co.,*
  2013 U.S. Dist. LEXIS 187700 (W.D. La. Feb. 25, 2013)......................................................... 9

*Beechgrove Redevelopment, LLC v. Carter & Sons Plumbing, Heating & Air-Conditioning, Inc.,*
  2009 U.S. Dist. LEXIS 36146 (E.D. La. April 9, 2009)......................................................... 10

*Dart v. Kitchens Bros. Mfg. Co.,*
  253 Fed. Appx. 395 (5th Cir. 2007)......................................................... 5

*Daubert v. Merrell Dow Pharms., Inc.,*
  509 U.S. 579 (1993)......................................................... 2, 5

*Downey v. Bob's Discount Furniture Holdings, Inc.,*
  633 F.3d 1 (1st Cir. 2011)......................................................... 9

*Guillory v. Domtar Indus. Inc.,*
  95 F.3d 1320 (5th Cir. 1996)......................................................... 2

*Hathaway v. Bazany,*
  507 F.3d 312 (5th Cir. 2007)......................................................... 6

*Kumho Tire Co. v. Carmichael,*
  526 U.S. 137 (1999)......................................................... 2, 6, 7

*Lee v. Valdez,*
  2008 U.S. Dist. LEXIS 70979 (N.D. Tex. Sep. 18, 2008)......................................................... 9, 10

*Owen v. Kerr-McGee Corp.,*
  698 F.2d 236 (5th Cir. 1983)......................................................... 4

*Pipitone v. Biomatrix,*
  288 F.3d 239 (5th Cir. 2002)......................................................... 3

*Rambus, Inc. v. Hynix Semiconductor, Inc.,*
  642 F. Supp. 2d 970 (N.D. Cal. 2008)......................................................... 8, 9

*Rolls-Royce Corp. v. Heros, Inc.*,

    2010 U.S. Dist. LEXIS 3716 (N.D. Tex. Jan. 14, 2010) ............................................................ 4

*SEC v. Cuban*,

    2013 U.S. Dist. LEXIS 102401 (N.D. Tex. July 23, 2013) ...................................................... 2

*Skyeward Bound Ranch v. City of San Antonio*,

    2011 U.S. Dist. LEXIS 59304 (W.D. Tex. June 1, 2011)........................................................ 9

*United States ex rel. Simms v. Austin Radiologic Assoc.,*

    2014 U.S. Dist. LEXIS 76211 (W.D. Tex. June 4, 2014)........................................................ 3

*United States v. Downing*,

    753 F.2d 1224 (3d Cir. 1985)................................................................................................. 2

*United States v. Schmidt*,

    711 F.2d 595 (5th Cir. 1983) ................................................................................................ 7

*United States v. Tucker*,

    345 F.3d 320 (5th Cir. 2003) ................................................................................................ 5

*Viterbo v. Dow Chem. Co.*,

    826 F.2d 420 (5th Cir. 1987) ........................................................................................ 5, 6, 7

*Wireless Agents, LLC v. Sony Ericsson Mobile Comm. AB*,

    2006 U.S. Dist. LEXIS 97125 (N.D. Tex. May 31, 2006) ...................................................... 3

**Statutes**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ..................................................................................................... 3

Fed. R. Evid. 702 ........................................................................................................................ 5

Plaintiffs Shane Galitski, Richard Taliaferro and Brian Newbold move to exclude certain opinions of Samsung Telecommunications America LLC's ("Samsung") designated expert Joseph C. McAlexander III and all opinions of Samsung's designated experts Abhiram Reddy Yerramaddu and Jay Amin.

## I.      INTRODUCTION

On October 22, 2014, Samsung disclosed Joseph C. McAlexander III as its retained expert ("Expert Disclosure") and served Plaintiffs with the Rebuttal Expert Report and Declaration of Joseph C. McAlexander III ("McAlexander Report"). Certain opinions should be excluded because McAlexander does not possess the knowledge or experience to make them, they are not relevant, and the opinions are not reliable.

Samsung also disclosed in its Expert Disclosure Abhiram Reddy Yerramaddu ("Yerramaddu") and Jay Amin ("Amin") as non-retained experts "[i]n accordance with Federal Rule of Civil Procedure 26(a)(2)(C)." Samsung failed to submit an expert report for either Yerramaddu or Amin. Yerramaddu and Amin are not percipient witnesses to the facts of this case and instead are specifically designated as experts for the purpose of this litigation, thereby requiring that expert reports be submitted by each of them. Because they have not submitted the requisite expert reports, Yerramaddu and Amin should be excluded from offering any expert opinions here.

Even if expert reports had been submitted on behalf of Yerramaddu and Amin, their opinions should still be excluded because neither has demonstrated the requisite knowledge nor background to make such opinions. Along with its opposition to Plaintiffs' class certification motion, Samsung filed a declaration by Yerramaddu regarding the testing of Plaintiffs'

smartphones ("Yerramaddu Declaration"), to which were attached copies of "Testing Log Sheets" as Exhibit A. The Testing Log Sheets purportedly contain the expert opinions of Yerramaddu and Amin regarding Plaintiffs' phones. Yerramaddu and Amin, however, fail to establish they are qualified to provide opinions stated in the Testing Log Sheets. Their opinions therefore should be excluded.

## II.   ARGUMENT

### A. Legal Standard

The Court may admit proffered expert testimony "only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *SEC v. Cuban*, 2013 U.S. Dist. LEXIS 102401, at *3 (N.D. Tex. July 23, 2013) (Fitzwater, C.J.), *citing Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Even if the evidence satisfies the qualification, relevance, and reliability requirements, the testimony can be excluded if its probative value is substantially outweighed by its unfair prejudice. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993); *see Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 n. 11 (5th Cir. 1996). The Court acts in the role of gatekeeper under Federal Rule of Evidence 702 to exclude expert testimony when appropriate. *Cuban*, 2013 U.S. Dist. LEXIS 102401, at *3.

### B. Certain McAlexander Opinions Should Be Excluded

#### 1. McAlexander's Opinions Are Not Relevant

An expert's testimony must be "relevant to the task at hand." *Daubert*, 509 U.S. at 597. *Daubert* requires relevant expert testimony be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* at 591 (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)). The Fifth Circuit has excluded expert testimony because it

failed the relevancy requirement set out in *Daubert. See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

### a. McAlexander's Opinions Exceed the Scope of Rebuttal Testimony

The McAlexander Report contains many opinions that exceed the scope of any rebuttal to the conclusions expressed by Plaintiffs' expert, Dr. W. Ross Stone. Expert evidence is deemed "rebuttal evidence" if it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also United States ex rel. Simms v. Austin Radiologic Assoc.*, 2014 U.S. Dist. LEXIS 76211, at *10 (W.D. Tex. June 4, 2014). To perform this analysis, the Court "does not ask whether the designating party has designated a rebuttal expert whose opinions have probative value or even whether they will be admissible at trial," but instead focuses on (1) the evidence the rebuttal expert purports to contradict or rebut; (2) whether the rebuttal evidence is on the same subject matter as the opposing expert's report; and (3) whether the rebuttal evidence is intended solely to rebut or contradict the opposing expert's evidence. *Wireless Agents, LLC v. Sony Ericsson Mobile Comm. AB,* 2006 U.S. Dist. LEXIS 97125, at *6-7 (N.D. Tex. May 31, 2006).

McAlexander's irrelevant opinions include musings about electronics products generally (STA APP. 487-88, 490[1] (McAlexander Report, ¶¶ 17-18, 23, 27-29)), general product return practices (STA APP. 492-93 (McAlexander Report, ¶¶ 30, 36)), general product "screening" practices (STA APP. 493 (McAlexander Report, ¶¶ 32-33)), and smartphone consumer ratings (STA APP. 493 (McAlexander Report, ¶ 34)). McAlexander all but admits to offering opinions beyond just rebuttal opinions – "I was asked to review deposition testimony and documents

---

[1] Citations refer to the Appendix in Support of Plaintiffs' Motion for Class Certification ("APP."), Appendix in Support of Plaintiffs' Reply in Further Support of Motion for Class Certification ("Reply APP."), and the appendix accompanying Samsung's Opposition to Plaintiffs' Motion for Class Certification ("STA APP.")

produced to-date in this case, including the Expert Report of Dr. W. Ross Stone, dated September 16, 2014, and to provide expert opinion based on review of those documents." STA APP. 480 (McAlexander Report, ¶ 2).[2] Providing opinions regarding deposition testimony and documents produced in this case exceeds the scope of rebuttal, as do the other statements in the paragraphs designated above, and thus they should be excluded.

### b.  McAlexander's Opinions Are Legal Conclusions

McAlexander's report contains legal conclusions and argument which the Court should exclude. As a general rule, an expert's testimony on issues of law is inadmissible. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."); *Rolls-Royce Corp. v. Heros, Inc.*, 2010 U.S. Dist. LEXIS 3716, at *21 (N.D. Tex. Jan. 14, 2010) (Fitzwater, C.J.) ("An expert cannot offer conclusions of law").

In the first paragraph of his report, McAlexander states he was retained "to review Plaintiffs' Second Amended Complaint" and specifically each of Plaintiffs' claims alleged in the Complaint. STA APP. 479 (McAlexander Report, ¶ 1). The entirety of his report's introduction is presented on the grounds that McAlexander is offering legal argument. The McAlexander report is replete with legal conclusions and arguments. STA APP. 493, 495-500, 502-11, 516-19, 521-22, 526-28, 532-34, 541-48 (McAlexander Report, ¶¶ 34, 38, 40, 42-43, 45-47, 49, 50, 53-

---



Appendix in Support of Motion to Exclude Designated Expert Opinions ("APP.") at 2 (27:2-12).

54, 56-58, 61-62, 66-71, 77, 79-80, 82-85, 88-89, 100-104, 113, 116, 120, 125-127, 130, 134).

McAlexander's opinions that amount to legal conclusions or arguments are irrelevant, invade the province of the Court, and should be excluded.

## 2. McAlexander's Opinions Are Not Reliable

In discharging its "gatekeeper" obligation, the Court must ensure expert testimony is reliable. *See, e.g., Daubert*, 509 U.S. at 589 (court must "ensure that any and all ... testimony or evidence admitted is not only relevant, but reliable"); *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003) (same). The Court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Dart v. Kitchens Bros. Mfg. Co.*, 253 Fed. Appx. 395, 398 (5th Cir. 2007) (citations omitted). "The proponent of the expert testimony must prove reliability by a preponderance of the evidence." *Id.*

Reliability requires that the testimony be grounded in methods and procedures of science and must be more than unsupported speculation or subjective belief. *Daubert*, 509 U.S. at 590. Rule 702 expressly requires that the testimony be (i) based upon sufficient facts or data, (ii) the product of reliable principles and methods, and (iii) the principles and methods be reliably applied to the facts of the case. Fed. R. Evid. 702. Expert testimony that is based on speculation and conjecture, as is the case here, is unreliable and inadmissible. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422, 424 (5th Cir. 1987) ("[i]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury" and is unreliable).

### a. McAlexander's Opinions Are Not Supported by His Knowledge or Experience

McAlexander's opinions regarding matters for which he has neither knowledge nor experience should be excluded. "[W]ithout more than credentials and a subjective opinion, an

expert's testimony that 'it is so' is not admissible." *Kumho*, 526 U.S. at 157; *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007); *see also Viterbo*, 826 F.2d at 424.

Throughout his report, McAlexander offers opinions about the smartphone and consumer device industry in general, which are outside the scope of his stated knowledge and experience as a purported technical expert in electronic device hardware. STA APP. 482-83, 487-92 (McAlexander Report, ¶¶ 8, 18-19, 21, 23-29, 31-32). McAlexander opines about matters related to smartphones such as "sales failures," statistical failure rates, phone return rates, and hypothetical consumer responses to product failures, all beyond his stated experience. STA APP. 490, 492-94, 499, 509-10 (McAlexander Report, ¶¶ 26-28, 33, 36, 47, 69). McAlexander demonstrates no knowledge of failure rates related to Samsung smartphones in general, or the Class Phones. At deposition, McAlexander admitted ██████████████████████████████ ████████████████████████████████████████████████. Reply APP. 14 (51:2 –52:15).

McAlexander fails to show he has the knowledge to offer the above opinions as they relate to Samsung and the Class Phones. McAlexander ████████████████████████████ ████████████████████████████████████. Reply APP. 14 (53:15-21). McAlexander ████████████████████████████████████████████████████████████████ ████████████. Reply APP. 65 (257:19-24).

The paragraphs Plaintiffs identify should be excluded, for it is evident McAlexander does not possess requisite knowledge to opine on those facts.

### b. McAlexander's Opinions Are Conclusory

The McAlexander Report also contains several unsubstantiated opinions which are conclusory in nature. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a

district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire*, 526 U.S. at 157.  McAlexander offers several opinions in his report which are conclusory and not reliable. STA APP. 487-95, 515-17, 527-28, 541, 547, 549-50 (¶¶ 17, 23-32, 35-36, 76-77, 79, 102, 105, 126, 130, 134). For instance, in (STA APP. 488-92 (¶¶ 23-32)), McAlexander ███████████████████████████████████████████████████████ ████████████.  Reply APP. 20 (75:4-11).  McAlexander ██████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ █████████████████████████.  Reply APP. 14 (53:15-21); *id.* at 65 (257:19-24). Further, in STA APP. 490 (¶¶ 26, 28), McAlexander ███████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████.  Reply APP. 22 (83:19-21).  McAlexander fails to show support or foundation for these opinions.

### c.  McAlexander's Opinions Will Not Aid the Fact Finder

Certain McAlexander opinions are apt to mislead the fact finder. Expert opinion testimony should be excluded if it is of such little weight it would not assist a fact finder. *Viterbo*, 826 F.2d at 422 ("[i]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury" and is unreliable); *see also United States v. Schmidt*, 711 F.2d 595, 598-99 (5th Cir. 1983) (district court did not abuse discretion in excluding expert testimony that would confuse the issues and mislead the jury). McAlexander's opinions that are beyond the scope of rebuttal, are legal conclusions or argument, are irrelevant generalities about the consumer electronics industry, or are conjecture concerning consumer behavior are of no assistance to the fact finder. STA APP. 487-88, 490, 493-97, 500, 506-11, 517, 527-28, 533, 541, 547, 549-50

(McAlexander Report, ¶¶ 17-21, 23, 26-27, 34, 36, 40, 49, 61-62, 66-71, 80, 102, 105, 116, 125, 130, 134).  For instance, McAlexander's statement in ¶ 34 about the "wide claim and acceptance" of the ▮▮▮▮▮ and his reference to the 2010 Consumer Reports has no bearing on the facts of this case and will not aid the trier of fact in analyzing whether a common hardware defect exists in the Class Phones.  Likewise, other statements, like those in STA APP. 506 (¶¶ 61-62), are simply confusing and prejudicial, sounding more like legal argument than expert opinion.  Elsewhere McAlexander discusses industry standard, but he never indicates whether Samsung conforms to this standard.  *See, e.g.*, STA APP. 487-88, 490 (¶¶ 17-21, 23, 26-27).  Further, the majority of his opinions focus on "Cause 2" as identified by Dr. Stone ▮▮▮▮▮▮▮▮▮▮, which Stone agrees is not common to the Class Phones, and completely ignores "Cause 1," which even Stone identified as the common hardware defect ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ and which McAlexander ▮▮▮▮▮▮▮▮▮▮▮▮▮.  Compare STA APP. 507-08, 527-28 (¶¶ 66-67, 102, 105) *with* Reply APP. 46 (260:15-261:12).   These opinions should be excluded.

### d.  McAlexander's Expert Testimony Has Previously Been Considered Unreliable

The reliability of McAlexander's testimony has previously been questioned. In *Rambus, Inc. v. Hynix Semiconductor, Inc.*, 642 F. Supp. 2d 970, 984 (N.D. Cal. 2008), McAlexander's unsubstantiated opinion regarding the descriptions of voltage levels in a patent litigation was identified as "based on little more than his say-so" and "there [was] ***no support*** for Mr. McAlexander's ***opinion***." Judge Whyte concluded that "Mr. McAlexander's opinion is not credible" and "a person of ordinary skill" would recognize the fallacy in the opinions McAlexander provided in that case. *Id.* at 984-85 (emphasis added). The court consequently rejected defendant's argument, which hinged on McAlexander's testimony. *Id.*

Much of the McAlexander Report, like McAlexander's *Rambus* testimony, is "based on little more than his says." *Rambus*, 642 F. Supp. 2d at 985. McAlexander's opinions within the confines of this case are unreliable and should be excluded.

### C. Designated Experts Yerramaddu and Amin Should be Excluded

#### 1. Yerramaddu and Amin Failed to Submit Expert Reports Pursuant to FRCP 26(a)(2)(B)

"If parties who designate an expert do not disclose a report under Rule 26(a)(2)(B), they bear the burden of demonstrating that their designated expert is not one retained or specially employed to provide expert testimony in the case, and not one whose duties as an employee of the party regularly involve giving expert testimony." *Lee v. Valdez*, 2008 U.S. Dist. LEXIS 70979, at \*5 (N.D. Tex. Sept. 18, 2008) (Fitzwater, C.J.); *see also Skyeward Bound Ranch v. City of San Antonio*, 2011 U.S. Dist. LEXIS 59304, at \*7 (W.D. Tex. June 1, 2011). Samsung fails to provide any information establishing neither Yerramaddu nor Amin were allowed not to submit an expert report under Rule 26(a)(2)(B).

"The delineation between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is whether the expert has 'first-hand factual knowledge of [the] case so as to escape the requirement that he submit a full expert report.'" *Beane v. Utility Trailer Mfg. Co.*, 2013 U.S. Dist. LEXIS 187700, at \*13 (W.D. La. Feb. 25, 2013) (quoting *Skyeward Bound Ranch*, 2011 U.S. Dist. LEXIS 59304, at \*8). *See also Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) (holding that Rule 26(a)(2)(B)'s designation of an expert who was "retained or specially employed" turned on the difference between "a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert testimony."). Here, Yerramaddu and Amin did not possess any firsthand knowledge of Plaintiffs' phones prior to this litigation. Only because Samsung selected

9

Yerramaddu and Amin to test Plaintiffs' phones for litigation purposes did they obtain any familiarity with Plaintiffs' Class Phones.[3]

In *Lee*, the defendants asserted, much like Samsung here, their designated experts were exempt from filing reports because they did not "regularly give expert testimony." 2008 U.S. Dist. LEXIS 70979, at *7; *see* Expert Disclosure at 4-5. In response, this Court cited Rule 37(c)(1), which states, "if a party fails to provide information ... as required by Rule 26 ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." 2008 U.S. Dist. LEXIS 70979, at *15. Here, as in *Lee*, permitting Samsung's two designated experts to testify without having disclosed written reports would prejudice Plaintiffs. *See id.* at *16.

Yerramaddu's and Amin's knowledge concerning Plaintiffs' phones, and the Testing Log Sheets regarding Plaintiffs' phones, was developed for the purpose of trial. Before testing, neither Yerramaddu nor Amin had any knowledge about Plaintiffs' phones. Only for the purpose of this litigation, after they were already designated as experts, did Yerramaddu and Amin examine and formulate opinions about Plaintiffs' phones. The fact Yerramaddu's purported expertise pertains to "software" further demonstrates his proposed testimony extends beyond the facts learned during his regular work and which he developed expressly for purposes of trial. Samsung failed to submit expert reports for Yerramaddu and Amin and thus Yerramaddu and Amin should not be allowed to provide opinions in this case.

---

[3] Thus, Yerramaddu and Amin are unlike "the quintessential example of a non-retained expert [that] is the treating physician of a personal injury plaintiff, whose testimony, while necessarily based on his expert opinion as to diagnosis and treatment, is not specially formulated for trial purposes, and thus is not subject to the Rule 26 reporting requirement." *See Beechgrove Redevelopment, LLC v. Carter & Sons Plumbing, Heating & Air-Conditioning, Inc.*, 2009 U.S. Dist. LEXIS 36146, at *14 (E.D. La. Apr. 9, 2009).

## 2. Yerramaddu and Amin Are Not Qualified to Offer Expert Opinions on Plaintiffs' Phones

Even if Yerramaddu had properly submitted an expert report, the opinions in his declaration, including the attached testing logs regarding Plaintiffs' phones, should be excluded because he is not qualified to offer such opinions. By definition, he needs sufficient "knowledge, skill, experience, training, or education" (*Kumho*, 526 U.S. at 151), to present opinion that will assist the trier of fact. A party seeking to introduce expert testimony must show: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Attached to the Yerramaddu Declaration are scores of Testing Log Sheets which purport to provide conclusions about Plaintiffs' phones. As stated in its Expert Disclosures, Samsung has designated Yerramaddu and Amin to provide expert testimony regarding the opinions they formed in testing Plaintiffs' phones. Expert Disclosure at 2-3. The Testing Log Sheets purport to offer the two experts' opinions on matters such as "shutdown and freeze symptoms," "liquid damage and corrosion," and generally "any malfunction exhibited during the testing." *Id.* at 2-4.

Samsung, however, has not shown Yerramaddu or Amin are qualified to provide the opinions stated in the Testing Log Sheets. Yerramaddu is a "Software Test Engineer" whose "primary job responsibility is testing and analyzing smartphone *software*." STA APP. 662 (¶ 1) (emphasis added). Nowhere in his declaration does Yerramaddu state that he has any expertise in testing and analyzing smartphone hardware, metalurgy, or hardware performance. Consequently, Yerramaddu's knowledge of software and ability to perform software testing does not afford him the background to make the opinions stated in his Declaration concerning "shutdown and freeze

symptoms," "liquid damage and corrosion," and generally "any malfunction exhibited during the testing."

In Samsung's Expert Disclosure, Yerramaddu is described as a "Software Test Engineer" whose primarily responsibility is testing and analyzing "smartphone software." Expert Disclosure at 2. Nowhere is it stated in his limited background information in the Expert Disclosure that Yerramaddu is versed in matters unrelated to phone software, such as having any familiarity with the common hardware defect Dr. Ross Stone identified, his opinions proffered in the Testing Log Sheets regarding, for example, voltage testing and water damage.

Nor is Amin shown to be qualified as an expert concerning the matters stated in opinions in the Testing Log Sheets. Samsung did not file a declaration in the name of Amin and instead makes the bald assertion that Amin's job responsibilities include "extensive testing of various models of Samsung smartphones," without any further description of how he is qualified to form the opinions stated in the Testing Log Sheets.

Neither Yerramaddu nor Amin demonstrate how they are qualified to provide opinions concerning purported corrosion or water damage in Plaintiffs' phones. *See* STA APP. 664 (¶ 10), STA APP. 664, 690, 752, 753, 809. Nothing in their "software" or testing backgrounds indicates they possess the expertise to form such opinions. Yerramaddu and Amin do not even state when the purported corrosion or liquid damage occurred in Plaintiffs' phones. As such, their opinions in the Testing Log Sheets should be excluded.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs request the Court exclude the designated expert opinions of Samsung's expert Joseph C. McAlexander III and exclude all the expert opinions of Samsung's experts Abhiram Reddy Yerramaddu and Jay Amin.

Date:  December 22, 2014               Respectfully submitted,


DOYLE LOWTHER LLP


     */s/ James R. Hail*

James R. Hail (TX SBN 24002207)
jim@doylelowther.com
William J. Doyle, II (CA SBN 188069)
bill@doylelowther.com
John A. Lowther (CA SBN 207000)
john@doylelowther.com
10200 Willow Creek Road, Suite 150
San Diego, CA 92131
858.935.9960 – Telephone
858.939.1939 – Facsimile

STANLEY-IOLA, LLP
Marc R. Stanley
marcstanley@mac.com
Martin Woodward
Scott Kitner
310 Monticello Avenue, Suite 750
Dallas, TX 75205
214.443.4300 – Telephone
214.443.0358 - Facsimile

GLYNN LAW GROUP
Thomas E. Glynn
tom@glynnwgroup.com
10200 Willow Creek Road, Suite 170
San Diego, CA 92131
858.271.1100 – Telephone
858.876.1530 – Facsimile

THE CONSUMER LAW GROUP
Alan M. Mansfield
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
619.308.5034 – Telephone
888.341-5048 – Facsimile

*counsel for plaintiffs and proposed class*

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on December 22, 2014:

/s/ *James R. Hail*

James R. Hail